IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00284-F-1
No. 5:16-CV-00094-F

| | |
|---|---|
| DAVID WILLIAMS, )<br>        Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>        Respondent. )<br> ) | <u>O R D E R</u> |

This matter is before the court on the Government's Motion to Dismiss [DE-48] David Williams's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-36, -38].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Williams's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On October 15, 2013, Williams was charged in a three-count indictment. *See* Indictment [DE-1]. In Count One, Williams was charged with distribution and possession with intent to distribute twenty-eight grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Count Two charged Williams with distribution and possession with intent to distribute a quantity of cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1). In Count Three, Williams was charged with being a felon in possession of a firearm, in violation of 18

---

[1] Williams's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-36], which was filed on February 25, 2016. At the court's direction, Williams filed a "conforming" motion [DE-38] on March 11, 2016.

U.S.C. §§ 922(g)(1) and 924(e)(1).

At Williams's arraignment, held on January 27, 2014, he pled guilty to Counts One and Three pursuant to a written plea agreement [DE-24]. It was agreed that the Government would dismiss Count Two at sentencing. *Id.* at 7.

Williams's sentencing was held on August 5, 2014. Williams was sentenced to 150 months on each of Counts One and Three, to be served concurrently. *See* Judgment [DE-33]. Williams did not appeal his judgment.

On February 25, 2016, Williams filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-36, -38]. In his motion, Williams alleges that his statutory enhancement under the Armed Career Criminal Act ("ACCA") violates the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, Williams contends that he no longer has the three predicates required by 18 U.S.C. § 924(e)(1).

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir.

2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

Under § 924(e)(1), a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1). A "violent felony" is defined as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for

3

purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. The Supreme Court, however, did not strike the four enumerated offenses found in 18 U.S.C. § 924(e)(2)(B)(ii). *Johnson*, 135 S. Ct. at 2563; *Craig v. United States*, Nos. 3:15-CV-344-FDW, 3:07-CR-44-FDW-1, 2016 WL 183495, at *2 (W.D.N.C. Jan. 14, 2016). Burglary is an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

As his Presentence Report reflects, Williams has three convictions that qualify as burglary. First, Williams has a 1984 conviction for breaking and entering, for which he received a sentence in excess of one year on that conviction. PSR [DE-29] at 4, ¶ 13. The Fourth Circuit Court of Appeals has held that this offense qualifies as a burglary under § 924(e). *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014). Second, Williams has two North Carolina convictions in May of 1998 for breaking and entering, for which he received a sentence in excess of a year on each of those convictions. PSR [DE-29] at 5, ¶ 17. Moreover, because the offenses occurred on different days, March 16, 1988 and March 17, 1988, they occurred on "occasions different from one another." *Id.*

In light of Williams's convictions that qualify as burglary, *Johnson* does not impact his status under the ACCA. Consequently, Williams is not entitled to relief.

### IV. Conclusion

For the foregoing reasons, the Government's Motions to Dismiss [DE-48] is ALLOWED and Williams's Motion to Vacate [DE-36, -38] is DENIED. The court finds that Williams has

not made the requisite showing to support a certificate of appealability.[2] Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 14 day of June, 2016.

                                             James C. Fox
                                             Senior United States District Judge

---

[2] A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.